UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN BALDERAS,

             Plaintiff,

v.                                       Case No. 22-cv-1098-pp

ROLANDO GONZALEZ, *et al.*,

             Defendants.

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (DKT. NO. 54), DENYING PLAINTIFF'S MOTION FOR CONTEMPT (DKT. NO. 58), DENYING AS MOOT PLAINTIFF'S MOTION TO USE INMATE RELEASE ACCOUNT FUNDS (DKT NO. 59) AND DISMISSING CASE**

      Plaintiff Juan Balderas, who is incarcerated at Racine Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights. The court screened the amended complaint (Dkt. No. 12) and allowed the plaintiff to proceed on a Fourth Amendment false arrest claim against defendants Rolando Gonzalez, David Carbral and Antony Martinez based on allegations that they unlawfully arrested the plaintiff without a warrant or probable cause. Dkt. No. 35 at 10. The court also exercised supplemental jurisdiction over a Wisconsin state law negligence claim based on allegations that defendant Christine Rutherford did not communicate to the "system" that there was not a warrant that merited an arrest. Id. at 10-11. This order grants the defendants' motion to dismiss the plaintiff's amended complaint as time-barred, dkt. no. 55, denies the plaintiff's motion for contempt, dkt. no. 58, denies the plaintiff's motion to use his release

1

account for extra postage and copy fees, dkt. no. 59, relinquishes jurisdiction over the plaintiff's state law claim and dismisses this case.

I.  **Allegations in the Amended Complaint (Dkt. No. 12)**

The amended complaint alleges that on July 7, 2019, Anita Clark lied to hospital staff and police officials when she told them that he touched his niece, which caused the police to respond. Dkt. No. 12 at 2. It alleges that Clark attempted to coach the plaintiff's niece to lie. Id. at 3. It avers that St. Francis Hospital gave Detective Del Moral "unmerited info" and that Del Moral "acted on her emotions and/or lied for her benefit," asserting that "[i]ronic[a]lly and only off camera, to her [Del Moral] is the only time when [the plaintiff's niece] is stated to have said the words, 'he touched me there' while pointing to her groin area . . . and 'I think inside.'" Id. In the amended complaint, the plaintiff asks why, if his niece said this, Del Moral did not go to the District Attorney with "Rutheford" and insist on charges; he asserts that instead, his niece left Milwaukee sixteen days later. Id.

The plaintiff alleges that on July 11, 2019—four days after Clark allegedly lied—Assistant District Attorney Piotrowski told Officer Rutherford to remove the plaintiff's warrant and said that it was only a "temp warrant." Id. at 2-3. The plaintiff references this court's order screening the original complaint, in which he says that the court said that it appeared that Rutherford "neglectfully had failed to communicate to the 'system' and to leading case officials that the[re] was not a warrant that merited the action of arrest and print me." Id. at 3. The plaintiff says that as this court recognized, further

discovery is necessary to know whether Rutherford communicated the plaintiff's wanted status diligently or if officers had a legal warrant at all. Id.

The plaintiff alleges that on July 23, 2019, Gonzalez, Carbral and Martinez arrested him for something that he did not do and for something that had been "no processed" by the District Attorney's Office on July 11. Id. at 2. The plaintiff alleges that the arrest information is now in "public, private and government hands." Id. at 2.

## II. Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); Hosea v. Slaughter, 669 F. App'x 791, 792 (2016); Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Alarm Detection Systems, Inc. v. Village of Schaumburg, 930 F.3d 812, 821 (7th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. Taha v. Int'l Bhd. of Teamsters, Local 781, 947 F.3d 464, 469 (7th Cir.

3

2020) (citing Yeftich v. Navistar, Inc., 722 F.3d 911, 915 (7th Cir. 2013)). "[L]egal conclusions and conclusory allegations merely reciting the elements of a claim," however, "are not entitled to this presumption of truth." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 556 U.S. at 678). Although untimeliness is an affirmative defense, the plaintiff may plead himself out of court "if he pleads facts that show that his suit is time-barred." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993).

### III. Defendants' Motion to Dismiss (Dkt. No. 54)

The defendants contend that the applicable three-year statute of limitation bars the plaintiff's claims. Dkt. No. 55 at 2. They argue that the plaintiff's Fourth Amendment claim is time-barred because he did not file this lawsuit until September 21, 2022, more than three years after his July 23, 2019 arrest. Id. at 3. The defendants contend that the plaintiff knew or should have known that the arrest was unlawful as of July 23, 2019. Id. The defendants argue that "the same 3-year statute of limitations would apply to Plaintiff's state law negligence claim." Id.

In response, the plaintiff filed a document titled "Plaintiff's Motion for the Courts to Hold the Defendant in Contempt of Court Thereby Dismissing the Defendant's Motion to Dismiss or Dissmiss [sic] the Defendant's Motion Based on the Facts Said Below." Dkt. No. 58. The court construes this document as the plaintiff's brief in opposition to the defendants' motion to dismiss. The plaintiff contends that his Fourth Amendment claim is not time-barred because he did not know that his arrest was unlawful until February 16, 2022, "when

4

he had solid notice that he was injured." Id. at 2, 6. The plaintiff argues that the court should hold the defendants in contempt for pressing their argument that his claim is time-barred. Id. at 1. He also states that if the court determines that his claim accrued on the date he was arrested (July 23, 2019), there was "excusable neglect" because "he had many delays[.]" Id. at 2. According to the plaintiff, when he was arrested, he asked defendant Gonzalez if there was a warrant and Gonzelez replied that there "[did] not need to be a warrant," then called for transport to process and arrest the plaintiff. Id. at 3. The plaintiff states that nothing in the July 23, 2019 interactions should have or could have made him know to file a suit from the incident. Id. He states that while in the detention room, he told Marx, "I don't touch kids," referring to the allegation. Id. The plaintiff states that the "police did not give the appearance on July 23, 2019 that [the plaintiff] had a deadline to sue that started that day nor that they injured him from a false arrest." Id.

The plaintiff contends that the following six "facts of police conduct" show why he should not have known that he had a deadline to file for injury that started July 23, 2019. Id. at 4. First, he says that he was out on bail on July 23, 2019; he says that if he been arrested his bail would have been revoked and that because his bail was not revoked, it was not clear that he needed to file a claim. Id. Second, the plaintiff states that Gonzalez told the plaintiff that he did not have a warrant. Id. Third, he says that he was not fingerprinted or photographed at the police station. Id. Fourth, the plaintiff states that an officer told him that he was free to go and opened his cell door

and let him go without him having to make an official statement about a serious allegation. Id. Fifth, he says that "when the defendant police approached [him] at his home on July 23, 2019, this was the first time that officials approached [him] about a serious allegations that was said to have happened the same day the allegation was made and inside his home, but this was now 16 days later yet the police never asked him to inspect his home[.]" Id. Sixth, the plaintiff states that he was detained at the police district for the number of hours legally allowed to detain a person who is only being investigated. Id.

The statute of limitation for cases brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 cases arising in Wisconsin for causes of action accruing on or after April 5, 2018 is the three-year limitation period mandated by Wis. Stat. §893.54 (2018). Federal law, which determines the accrual date of a cause of action, occurs when "the plaintiff has a 'complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" Huber, 909 F.3d at 207 (quoting Wallace, 549 U.S. at 388). A §1983 claim accrues when the plaintiff knows or should have known that his or her constitutional rights have been violated. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). When a person's Fourth Amendment rights have been violated by false arrest, the injury occurs

at the time of arrest. Wallace v. City of Chicago, 440 F.3d 421, 425 (7th Cir. 2006); see also Evans v. Poskon, 603 F.3d 362, 363 (7th Cir. 2010).

The plaintiff's Fourth Amendment claim accrued when he was arrested on July 23, 2019. The plaintiff says that he did not know that he had an injury for false arrest until 2022, when he received a report stating that officers did not have a valid warrant for his arrest. Even if this is true, the plaintiff states that when he was arrested, Gonzalez told him there did not need to be a warrant. On the day of his arrest, the plaintiff knew that he was being arrested for conduct that he says he did not do, that the officers did not have a warrant and that he was transported to the police station where he was questioned. Based on the plaintiff's allegations and his response to the defendants' motion to dismiss, the plaintiff knew or should have known on the day he was arrested that he had a claim for false arrest.

The plaintiff states that if the court determines that his claim accrued on July 23, 2019, his delay in filing this lawsuit should be excused based on excusable neglect. Dkt. No. 58 at 8. He states that "the Department of Corrections (DOC) was still on COVID lock down that restricted any legal help he needed from the law library." Id. The plaintiff also states that he could not get help through the mail because of the DOC's new mail system. Id. at 9. The plaintiff has not explained how these circumstances caused delay in his ability to file a complaint stating that he'd been falsely arrested in July 2019.

The plaintiff's Fourth Amendment claim accrued on July 23, 2019 and he had three years—until July 25, 2022—to file suit. The plaintiff did not file

this case until September 21, 2022—two months *after* the three-year statute of limitation had expired. The court will grant the defendants' motion to dismiss the Fourth Amendment claim and will deny the plaintiff's motion for contempt.

The defendants argue that the same three-year statute of limitation applies to the plaintiff's negligence claim. The court agrees. See Wis. Stat. §893.54(1m)(a). But the defendants have not argued that the statute of limitations bars the plaintiff's negligence claim, so the court will not dismiss the claim on statute of limitation grounds. Rather, because the court has concluded that the plaintiff has no federal claim, the court will relinquish supplemental jurisdiction over the plaintiff's remaining state law claim. See 28 U.S.C. §1367(c)(3); Lavite v. Dunstan, 932 F.3d 1020, 1034-35 (7th Cir. 2019).

Finally, the plaintiff has filed a motion asking leave to use his release account funds for extra postage and copy fees. Dkt. No. 59. Because this order dismisses the plaintiff's case, the court will deny the plaintiff's motion as moot.

## IV. Conclusion

The court **GRANTS IN PART** the defendants' motion to dismiss. Dkt. No. 54. The court **ORDERS** that the plaintiff's Fourth Amendment claim is **DISMISSED WITH PREJUDICE** because the statute of limitation bars the claim. The court relinquishes jurisdiction over the plaintiff's remaining state law claim and **ORDERS** that the claim is **DISMISSED WITHOUT PREJUDICE**.

The court **DENIES** the plaintiff's motion for contempt. Dkt. No. 58.

The court **DENIES AS MOOT** the plaintiff's motion to use inmate release account funds for extra postage and copy fees. Dkt. No. 59.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year

after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**