UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUAN BALDERAS,

                    Plaintiff,

v.                                                  Case No. 22-cv-1098-pp

ROLANDO GONZALEZ, *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 65)**

---

Plaintiff Juan Balderas, who is incarcerated at Racine Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights. On June 28, 2024, the court granted the defendants' motion to dismiss the amended complaint as time-barred and relinquished jurisdiction over the plaintiff's state law claim. Dkt. No. 63. The court entered judgment on the same day. Dkt. No. 64. The plaintiff has filed a motion for reconsideration in which he contends that the court should not have dismissed his Fourth Amendment claim as time-barred. Dkt. No. 65.

The court considers the plaintiff's motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506,

1

511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996). Vacating judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence and fraud. See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff contends that the court should not have dismissed his constitutional claim as time-barred because, on the date of his arrest, he did not know that defendant Gonzalez had falsely arrested him. Dkt. No. 65 at 1. He states that Gonzalez did not tell him the facts—that there was a warrant for the plaintiff and the ADA had looked at the case, but that the case was dismissed. Id. The plaintiff asserts that the court overlooked that he alleged that Gonzalez told the plaintiff, "Did you take care of that?" by which Gonzalez was telling the plaintiff that the plaintiff had a legal issue pending. Id. at 1-2. The plaintiff states that "he was armed with the fact that his rights were violated" and that Gonzalez had no legal authority in February 2022 and he contends that the claim accrued then and not on July 23, 2019—the date on which Gonzalez arrested him. Id. at 2.

The court's order dismissing the plaintiff's constitutional claims on statute-of-limitations grounds states in relevant part:

> The plaintiff's Fourth Amendment claim accrued when he was arrested on July 23, 2019. The plaintiff says that he did not know

that he had an injury for false arrest until 2022, when he received a report stating that officers did not have a valid warrant for his arrest. Even if this is true, the plaintiff states that when he was arrested, Gonzalez told him there did not need to be a warrant. On the day of his arrest, the plaintiff knew that he was being arrested for conduct that he says he did not do, that the officers did not have a warrant and that he was transported to the police station where he was questioned. Based on the plaintiff's allegations and his response to the defendants' motion to dismiss, the plaintiff knew or should have known on the day he was arrested that he had a claim for false arrest.

The plaintiff states that if the court determines that his claim accrued on July 23, 2019, his delay in filing this lawsuit should be excused based on excusable neglect. Dkt. No. 58 at 8. He states that "the Department of Corrections (DOC) was still on COVID lock down that restricted any legal help he needed from the law library." Id. The plaintiff also states that he could not get help through the mail because of the DOC's new mail system. Id. at 9. The plaintiff has not explained how these circumstances caused delay in his ability to file a complaint stating that he'd been falsely arrested in July 2019.

Dkt. No. 63 at 7.

The plaintiff's motion for reconsideration rehashes issues that he raised at summary judgment. He has not shown that he is entitled to relief under Rule 59(e) or Rule 60(b). The court will deny the plaintiff's motion.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 65.

Dated in Milwaukee, Wisconsin this 6th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**